NO. 7845.    STATE OF LOUISIANA

ALBERT LEDUFF

   VS      COURT OF APPEAL

A. S. DEMORUELLE, ET AL.  PARISH OF ORLEANS.

By his Honor John St.Paul.

The appellee moves to dismiss this appeal for alleged defect in the citation, to wit, in summoning him to answer an appeal from the Civil District Court for the Parish of Orleans before the "Court of Appeal", instead of before the "Court of Appeal for the Parish of Orleans", as the court is technically designated in the Constitution (Art 131)

In support of the motion appellee relies on Gagneaux vs Desonier, 109 La 462. There the court had once already, because of a defect in the citation of appeal, remanded the case for a new citation. This time it dismissed the appeal altogether because the new citation was again defective as the first; and the court added; "But this is not all. The citation of appeal does not conform to the requirements of the law. It does not name the court into which the appellee is cited. It should have done this. Code of Practice, Arts 583, 179 Par 3."

But in New Iberia Telephone Ex. vs Cumberland Telephone Co, 51 An 1022, the court (although animadverting on the looseness thereof) maintained an appeal made returnable merely to "the proper court," because from the other documents it was clear that the court intended was the Supreme Court.

This was in accord with the action of their predecessors in Friend vs Graham, 10 La 440, where an appeal was maintained though not made returnable to the Supreme Court or any other court, but merely "according to law," since it was impossible to mistake the court which was intended, "as an appeal could be made to no other."

And along the same lines, the court has also held (in State vs Cucullu, 110 La 1087) that a statute was valid and binding in this state, if passed in fact by the "General Assembly" thereof, even though the enacting clause omitted the words "of the State of Louisiana" as required by Art 131 Const. of 1898; because it was impossible to conclude that the words "General Assembly" in official documents of the State of Louisiana could mean anything else than the General Assembly of the State of Louisiana, in other words THE General Assembly having territorial jurisdiction. And finding that the statute complied with the "substance" of the Constitutional requirements the court refused to sacrifice substance to "mere form."

It is clear therefore that in the matter of appeals from the District Courts within the territorial jurisdiction of this court, THE Court of Appeal means this court and no other; since this court is the only Court of Appeal sitting within those territorial limits and no appeal could be taken from such district courts to any other Court of Appeal.

The motion to dismiss is not well founded. *Motion Denied.*